FILED
BILLINGS DIV.

2007 JUN 26 PM 4 54

PATRICK E. DUFFY, CLERK

BY _____

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| MELANIE J. PARRISH, | CV-07-012-BU-RFC-CSO |
| Plaintiff, | |
| vs. | |
| DAVID SCHENK, individually and as the Sheriff and Agent of Madison County; DOUGLAS YOUNG, individually and as a deputy sheriff and agent of Madison County; ROGER THOMPSON, individually and as a deputy sheriff and agent of Madison County, THEODORE COFFMAN, individually and as agent of Madison County; DAVID SCHULZ, individually and as agent of Madison County; and MADISON COUNTY, a political subdivision of the State of Montana, | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| Defendants. | |

Plaintiff Melanie J. Parrish ("Parrish") initiated this

action in Montana's Fifth Judicial District Court, Madison

County, alleging that Defendants harmed her and her family while

executing a search warrant at her residence, and by wrongfully

-1-

charging and prosecuting for alleged criminal offenses. Cmplt.
(Court's Doc. No. 4) at 2-10.

Now pending before the Court is Parrish's Motion to Remand
(Court's Doc. No. 9). By Order (Court's Doc. No. 11) filed April
16, 2007, United States District Judge Richard F. Cebull referred
this case to the undersigned for all pretrial proceedings
pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) including submission
of proposed findings and recommendations.

## I.    BACKGROUND

Parrish alleges six claims for relief. Five of her claims
are based on Montana law:  malicious prosecution (Count 1);
emotional distress (Count 2); civil rights violations under the
Montana Constitution (Count 4); negligence (Count 5); and
punitive damages (Count 6). Count 3 of the Complaint, however,
seeks redress under 42 U.S.C. § 1983 for alleged violations of
Parrish's rights under the United States Constitution. All of
Parrish's claims stem from Defendants' alleged acts with respect
to executing the search warrant and charging and prosecuting
Parrish.

On February 22, 2007, Defendants removed the action to this
Court pursuant to 28 U.S.C. § 1441. They removed the action on
the basis that this Court has original jurisdiction over the
federal civil rights claim under 28 U.S.C. § 1331.

-2-

## II.   *PARTIES' ARGUMENTS*

Parrish moves the Court to remand this action in its entirety.  She advances four arguments in support of her motion to remand.

First, Parrish argues that she has pleaded the alleged violations of her civil rights under the U.S. Constitution and the Montana Constitution as alternate theories of recovery.  When an alternative theory of recovery exists for the claims in the complaint and one is not dependent on federal law, she argues, federal question jurisdiction is defeated.  *Plaintiff's Brief in Support of Motion to Remand* (Court's Doc. No. 10) ("*Parrish's Br.*") *at 2, 3-7*.  For this argument, Parrish relies on the Ninth Circuit's decision in <u>Duncan v. Al Stuetzle</u>, 76 F.3d 1480, 1491 (9th Cir. 1996).

Second, Parrish argues that the allegations in this case are similar to those of other cases brought in Madison County.  In some of those actions, Parrish argues, defendants, who are represented by the same counsel who represents Defendants in this case, did not seek to remove the cases to federal court despite the fact that the plaintiff invoked both the U.S. Constitution and the Montana Constitution as bases for relief.  *Id. at 3, 8*.

Third, Parrish argues that this Court has, in a previous case (<u>Johnson v. Edmisten, et al.</u>, CV 04-100-BU-RFC), remanded to state court even though the plaintiff in that case did not

-3-

specifically plead alternate theories of recovery. *Id. at 8.*

Finally, Parrish argues that conservation of judicial resources counsels in favor of remand because the state district court from where this case was removed "has had jurisdiction of six other similar cases" so that "this Court would not have to 'reinvent the wheel' in examining [Parrish's] claims here." *Id.*

In response, Defendants advance five arguments in opposition to remand. First, they argue that Parrish's motion is not timely. *Defendants' Brief in Opposition to Plaintiff's Motion to Remand* (Court's Doc. No. 13) ("*Defts' Resp.*") *at 1-2.*

Second, Defendants argue that Parrish's motion to remand is baseless because Parrish's "clearly-stated claim under 42 U.S.C. § 1983 provides the basis for removal jurisdiction in this case." *Id. at 4-6.*

Third, Defendants argue that Parrish's reliance on the Ninth Circuit's decision in Duncan is misplaced. They argue that the "alternate theory" language from Duncan is not applicable in this case. *Id. at 7.*

Fourth, Defendants argue that Parrish's "superfluous arguments concerning other cases that plaintiff's attorney has filed that were not removed to Federal Court" have "no legal significance whatsoever" to the issue involved here. *Id. at 8.*

Finally, Defendants argue that decisions from this Court, namely Magistrate Judge Lynch's Findings and Recommendations in

-4-

<u>Hovland v. Gardella</u>, CV 06-50-M-JCL, and Judge Molloy's
affirmance thereof, properly rejected the Duncan "alternative
claim" argument. *Id.*

In reply, Parrish argues that: (1) her motion to remand is
timely; (2) her citation to 42 U.S.C. § 1983 in her Complaint
does not invoke federal jurisdiction; (3) her reliance on <u>Duncan</u>
was proper; and (4) that Judge Cebull, in <u>Denton v. Blatter</u>, CV
06-73-BLG-RFC, reached a conclusion on the "alternate theory of
recovery" issue that is directly contrary to the conclusion
reached by Judges Lynch and Molloy in <u>Hovland</u>.

## III. *DISCUSSION*

### A. *Timeliness of Parrish's Motion*

Defendants argue that Parrish's motion to remand was not
timely because it was not filed within 30 days after Defendants'
notice of removal. The Court is not persuaded by this argument.

28 U.S.C. § 1447(c) provides, in part, as follows:

A motion to remand the case on the basis of any defect
other than lack of subject matter jurisdiction must be
made within 30 days after the filing of the notice of
removal under section 1446(a). If at any time before
final judgment it appears that the district court lacks
subject matter jurisdiction, the case shall be
remanded.

Here, Parrish alleges in her motion to remand that the Court
lacks subject matter jurisdiction. Under the statute's express
language, a motion challenging the Court's subject matter
jurisdiction is not subject to the 30-day deadline provided the

-5-

motion is made "before final judgment." Wisconsin Dep't of
Corrections v. Schacht, 524 U.S. 381, 391 (1998). Thus,
Parrish's motion is not precluded as untimely.

### B. Propriety of Removal

Count 3 of Parrish's Complaint seeks redress under 42 U.S.C.
§ 1983 for alleged violations of rights secured by the U.S.
Constitution. Federal courts have original jurisdiction over
claims arising under laws of the United States, such as 42 U.S.C.
§ 1983. 28 U.S.C. § 1331 (granting district courts original
jurisdiction over "all civil actions arising under the
Constitution, laws, or treaties of the United States"). Because
federal courts have such jurisdiction, Defendants properly
removed the action to federal court. 28 U.S.C. § 1441(a)
(authorizing removal of "any civil action brought in a State
court of which the district courts of the United States have
original jurisdiction").

Also, although federal courts have discretion to decline to
exercise supplemental jurisdiction over State law claims, the
Court's exercise of supplemental jurisdiction in this case is
proper. 28 U.S.C. § 1367(a) and (c). Parrish's federal claim
and state claims all derive from Defendants' alleged conduct in
executing a search warrant at her residence and in charging and
prosecuting her for crimes. See Brady v. Brown, 51 F.3d 810, 816
(9th Cir. 1995). Also, none of the four situations delineated in

-6-

section 1367(c) provides a basis for remanding a federal claim properly removed under 28 U.S.C. § 1441(a), and Parrish has pointed to no other reason why this action was not properly removed.

The Court concludes that Defendants' removal of this action was proper.

### C.   *Interpretation of Duncan*

The motion before the Court hinges primarily on interpretations of the Ninth Circuit's decision in <u>Duncan v. Al Stuetzle</u>, 76 F.3d 1480 (9ᵗʰ Cir. 1996).  As noted *supra*, Parrish's interpretation of <u>Duncan</u> requires federal courts to decline jurisdiction when a plaintiff alleges an alternative theory of relief not dependent upon federal law.

In <u>Denton v. Blatter</u>, CV 06-73-BLG-RFC, the Court accepted this interpretation, noting that the plaintiff had pleaded alternative theories of relief in her complaint.  Because of this manner of pleading, the Court concluded that "[a] jury could well find that Plaintiff's right to be free from arrest without probable cause under the Montana Constitution was a violation without making a similar finding under the U.S. Constitution" and because another count in the complaint "clearly states an alternative state theory for the civil rights violations ... this defeats federal jurisdiction." <u>Denton</u>, *Order* filed Sept. 12, 2006 (Court's Doc. No. 12).

-7-

On the other hand, Hovland v. Gardella, CV 06-50-M-JCL, reached a different conclusion. It rejected the plaintiff's suggestion that, where a federal claim is expressly set forth upon the face of the complaint, a federal court may decline to exercise removal jurisdiction simply because a state claim, arising from the same set of operative facts, is also pled. Hovland, *Findings and Recommendation of U.S. Magistrate Judge* filed July 18, 2006 (Court's Doc. No. 17) and *Order* filed Sept. 15, 2006 (Court's Doc. No. 23).

In Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 808 (1988), the United States Supreme Court stated that federal question jurisdiction is present over cases in which "a well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." In relying on Duncan, Parrish focuses on the second scenario. Because the second scenario is not present here, Parrish's reliance is flawed.

In Duncan, the plaintiff, as master of her complaint, did not plead a claim for relief under federal law. The complaint, therefore, could not satisfy the first prong from Christianson because it did not cite any "federal statutes, rules, regulations or cases" and did not expressly seek any federal remedies. Duncan, 76 F.3d at 1486. Rather, the complaint advanced only

-8-

claims founded on state law. Id. at 1490-91.

In the instant case, on the other hand, Parrish expressly states a cause of action and seeks damages under 42 U.S.C. § 1983 which is, of course, a federal statute. Thus, Christianson's first prong is satisfied and the second prong is never implicated. Duncan's analysis of the second prong is not applicable, and Parrish's reliance on it, therefore, is misplaced.

## D.   *Parrish's Argument that Similar Cases Were Never Removed*

Parrish notes in her supporting brief that there are other cases similar to this one that the defendants did not remove to federal court. The existence of these cases does not support her remand argument here. The decisions of defendants in other cases with respect to the issue of whether to seek removal to federal court have no bearing on whether removal here was proper or on whether remand to State court is appropriate.

## E.   *Conservation of Judicial Resources*

Parrish's argument that the Court should remand to conserve judicial resources is not persuasive. While the State court judge to whom this case was originally assigned may have familiarity with "six other similar cases," that fact alone is insufficient to permit this Court to relinquish or ignore its duty to accept a case over which it properly has jurisdiction. See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996)

("We have often acknowledged that federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.").

## IV. *CONCLUSION*

Based on the foregoing,

**IT IS RECOMMENDED** that Parrish's Motion to Remand (Court's Doc. No. 9) be DENIED.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk of Court shall serve a copy of the Findings and Recommendations of the United States Magistrate Judge upon the parties. The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed within ten (10) days after receipt hereof, or objection is waived.

DATED this 26th day of June, 2007.

Carolyn S. Ostby
United States Magistrate Judge

-10-