FILED
IN THE UNITED STATES DISTRICT COURT BTGS DIV.

FOR THE DISTRICT OF MONTANA  2  AM 10 47

BUTTE DIVISION

PATRICK E. DUFFY, CLERK

BY _____

DEPUTY CLERK

CV-07-012-BU-RFC-CSO

|  |  |
|---|---|
| MELANIE J. PARRISH, JUSTIN CLAY, MAYA CLAY, ASHLEY PARRISH, ELIZABETH PARRISH, CAROLYN PARRISH, and LARRY PARRISH,<br><br>              Plaintiffs,<br><br>vs.<br><br>DAVID SCHENK, individually and as the Sheriff and Agent of Madison County; DOUGLAS YOUNG, individually and as a deputy sheriff and agent of Madison County; ROGER THOMPSON, individually and as a deputy sheriff and agent of Madison County; THEODORE COFFMAN, individually and as agent of Madison County; DAVID SCHULZ, individually and as agent of Madison County; MADISON COUNTY, a political subdivision of the State of Montana; CHAD McFADDEN, individually and as a deputy sheriff and agent of Jefferson County; CURTIS MARTIN, individually and as a deputy sheriff and agent of Jefferson County; CRAIG DOOLITTLE, individually and as the sheriff and agent of Jefferson County; JEFFERSON COUNTY, a political subdivision of the State of Montana; and JOHN DOES I-X,<br><br>              Defendants. | **FINDINGS and RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Plaintiffs ("the Parrishes") brought this action alleging misconduct by the various

defendants in connection with executing a search warrant at the Parrish residence and

-1-

subsequent events.  By Order dated April 16, 2007, this case was referred to the

undersigned for all pretrial purposes, including submission of proposed findings and

recommendations.  *Court's Doc. No. 11.*  Pending before the Court are Defendants

Jefferson County, Craig Doolittle, Chad McFadden, and Curtis Martin's ("Jefferson

County Defendants'") Motion to Dismiss Count 8 of the First Amended Complaint

(*Court's Doc. No. 35*), and Motion to Dismiss, Motion for Summary Judgment, and

Motion to Strike Counts 1 through 7 of the First Amended Complaint (*Court's Doc. No.

36*).  The Parrishes resist the motions.  *Court's Doc. Nos. 45, 49.*  Having considered

the parties' submissions and the applicable law, the Court will recommend granting the

motions.

## I.    BACKGROUND

On February 14, 2007, Melanie Parrish filed her Complaint against David Schenk,

Douglas Young, Roger Thompson, Theodore Coffman, and David Schultz, in both their

individual and official capacities as agents of Madison County, and against Madison

County as a political subdivision of the State of Montana ("Madison County

Defendants").  *Court's Doc. No. 1, Ex. A.*  The Complaint was filed in Montana's Fifth

Judicial District Court.  The Complaint names no Doe defendants, and no Jefferson

County Defendants.  *Id.*  The Complaint does allege the involvement of Jefferson

County Defendants McFadden and Martin in executing the search warrant at the Parrish

home.  *Id. at ¶ 12.*

On February 22, 2007, the Madison County Defendants removed the case to this

Court.  *Court's Doc. No. 1.*  On December 12, 2007, Plaintiffs filed their First Amended

Complaint ("Amended Complaint").  *Court's Doc. No. 30.*  The Amended Complaint adds
Justin Clay, Maya Clay, Ashley Parrish, Elizabeth Parrish, Carolyn Parrish, and Larry
Parrish as plaintiffs.  *Id.*  The Amended Complaint also adds the Jefferson County
Defendants, and Does I-X.  *Id.*

 In summary, the Amended Complaint alleges the following facts.   On October
19, 2004, Defendant Young obtained a search warrant for the Parrish residence and
vehicles.  *Id. at ¶ 17.*  At 8:00 a.m. on October 22, 2004, Madison County Defendants
Schenk, Thompson, Young, Birdsill, non-party Evan Andren, and Jefferson County
Defendants McFadden and Martin, arrived at the Parrish residence and commenced to
execute the warrant.  *Id. at ¶¶ 18-19.*  The Defendants committed numerous instances
of misconduct while executing the warrant.  *Id. at ¶¶ 20-47.*  No item described in the
warrant was recovered.  *Id. at ¶ 48.*  That same day, Defendant Young charged
Melanie Parrish with burglary and felony theft.  *Id. at ¶ 49.*

 On November 4, 2004, Justice Court dismissed the burglary charge against
Melanie Parrish at Madison County Attorney Bob Zenker's request.  *Id. at ¶ 52.*  On
November 22, 2004, County Attorney Zenker charged Melanie Parrish by information
with felony theft.  *Id. at ¶ 54.*  On January 24, 2005, County Attorney Zenker moved to
vacate Melanie Parrish's arraignment on this charge, and on March 15, 2005, he moved
to dismiss the felony theft charge against Melanie Parrish because the case had been
transferred to Jefferson County.  *Id. at ¶¶ 56, 57.*  At a hearing on May 18, 2005, in
Jefferson County, Melanie Parrish was called as a witness in Jeremie Clay's case, and
the State "admitted that they had no interest in pursuing [Melanie] for any charges and

-3-

accepted her attorney's statement that her being charged with the two crimes was just inadvertent coincidence." *Id. at ¶ 59*.

The Amended Complaint brings eight counts identified as: (1) Malicious Prosecution, (2) Emotional Distress, (3) Civil Rights Violations under the U.S. Constitution 42 U.S.C. § 1983, (4) Civil Rights Violations under the Montana Constitution, (5) Gross Negligence and Negligence, (6) Punitive Damages, (7) Acting in Concert, and (8) Defamation. *Id. at §§ 67-107.*

## II.   PARTIES' ARGUMENTS

The Jefferson County Defendants move to dismiss Count 8, Defamation, on the grounds that it is time barred and violates Rule 8 of the Montana and Federal Rules of Civil procedure. *Br. Supporting MTD Count 8 (Court's Doc. No. 35).* They point out that the original Complaint included the facts used to support Count 8, but did not include a defamation count. *Id. at 2.* They then argue that the Amended Complaint was filed more than three years after the alleged injury on October 22, 2004. *Id.* The Jefferson County Defendants add that neither the original Complaint nor Amended Complaint allege any specific defamatory conduct as to them, and conclude that as a result, the defamation count is barred by the two-year statute of limitations on libel or slander in Montana, and fails to meet the Rule 8 notice pleading standard. *Id. at 3-7.*

The Jefferson County Defendants advance similar arguments regarding the first seven counts of the Amended Complaint. They assert that the only allegations in the Amended Complaint attributable to the Jefferson County Defendants occurred on October 22, 2004. *Br. Supporting MTD, MTS and MSJ (Court's Doc. No. 37) at 3.*

-4-

Thus, any cause of action as to Jefferson County had to accrue on that date. *Id.* The Parrishes clearly were aware that two Jefferson County Defendants were present when the warrant was executed. *Id.* Yet, the six additional plaintiffs and Jefferson County Defendants were first named in the Amended Complaint, on December 12, 2007. *Id.*

The Jefferson County Defendants argue that Count 1, malicious prosecution, should be dismissed because it fails to attribute instituting the prosecution of Melanie Parrish to the Jefferson County Defendants. *Id. at 7.* They also argue that the malicious prosecution claim is time-barred. *Id. at 7-8.* Summary judgment for the Jefferson County Defendants on the malicious prosecution claim is appropriate because prosecution of the underlying case was based on probable cause. *Id. at 8-9.* Finally, Jefferson County alleges that Counts 2 through 7 must be dismissed because each violates Fed. R. Civ. P. 8 and also is time-barred. *Id. at 10-19.*

The Parrishes respond that Count 8, Defamation, is not time-barred because they allege that all defendants caused false publications against the Plaintiffs connecting them with a crime. *Response Br. Opposing Rule 8 and 12(b)(6) Motions (Court's Doc. No. 49) at 2.* The Parrishes add that felony charges are still pending against Melanie. *Id.* Thus, the Parrishes argue that the defamation is part of an on-going series of torts which did not terminate until at least May 18, 2005. *Id.* Additionally, a fair reading of the entire Amended Complaint indicates a plausible claim for recovery, satisfying Rule 8. *Id. at 3.*

The Parrishes make similar arguments regarding the remaining counts of their Amended Complaint. They argue that the malicious prosecution claim relates to

Melanie only. *Response Br. Opposing MTD, MTS, and MSJ (Court's Doc. No. 45) at 6.*
The allegation that Melanie was charged through inadvertence supports this claim. *Id.*
The statute of limitations on a malicious prosecution claim does not begin to run until
the proceedings terminate in the plaintiff's favor, and no judgment dismissing the
charges as to Melanie has been filed. *Id. at 8-9.* Also, the existence of probable cause
is a jury question under Montana law and not appropriate for summary judgment. *Id.*
*at 9-10.*

The Parrishes also argue that the Amended Complaint alleges negligent and
intentional acts by the Jefferson County Defendants sufficient to support an emotional
distress claim. *Id. at 10-11.* Because the continued prosecution of Melanie is ongoing,
this count is not time-barred. *Id. at 11.* Further, this count should relate back to the
original Complaint. *Id. at 11.*

The Parrishes assert that their federal civil rights claims are adequately plead,
and can lie against  Jefferson County Defendants not personally participating in the
search under supervisor liability, failure to train, and municipal liability theories. *Id. at*
*12-15.* These claims, and the Parrishes' negligence and gross negligence claims, are
not time barred for the same reasons set forth above. *Id. at 15-17.*

Finally, the Parrishes argue that they may recover punitive damages against the
individual capacity defendants, and Jefferson County has waived punitive damages
immunity by procuring insurance coverage for § 1983 damages. *Id. at 17-18.* They
assert also that active or passive participation in tortious conduct, as here by the
Jefferson County Defendants, subjects a defendant to liability for acting in concert

-6-

under Montana law. *Id. at 18-19.*

In reply, the Jefferson County Defendants reiterate that every count of the Amended Complaint is time-barred as to them. *Consolidated Reply (Court's Doc. No. 51) at 2.* Further, every count fails to comply with Rule 8 as to the Jefferson County Defendants. *Id. at 7.* Finally, every count of the Amended Complaint fails to state a claim as to the Jefferson County Defendants, and punitive damages and "acting in concert" are not substantive counts under Montana law. *Id. at 15.*

## III.  **DISCUSSION**

The Court concludes that Melanie Parrish's malicious prosecution claim against the Jefferson County Defendants has not yet accrued, and recommends dismissing this claim without prejudice. Regarding the remaining claims, the dispositive issue is whether these claims are barred by the applicable statute of limitations. The Amended Complaint was filed more than three years after the search warrant was executed October 22, 2004. No party argues that the applicable statute of limitations on any count in the Amended Complaint exceeds three years. Accordingly, the Parrishes' claims are time-barred unless they prevail in their arguments that: (1) the claims against the Jefferson County Defendants relate back to the original Complaint pursuant to Fed.R.Civ.P. 15(c), or (2) their claims against the Jefferson County Defendants are for on-going torts which did not terminate until at least May 18, 2005. The Court concludes that neither argument succeeds, and will recommend dismissing with prejudice the Parrishes' claims against the Jefferson County Defendants, other than Melanie Parrish's malicious prosecution claim.

## A.   Legal Standards

### 1.   Motion to Dismiss

Motions to dismiss may not be granted unless the plaintiff can prove no set of facts which would entitle him to relief.  Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996).  The Court must take all allegations of material fact as true and construe them in the light most favorable to the plaintiffs.  Big Bear Lodging Ass'n v. Snow Summit, Inc., 182 F.3d 1096, 1101 (9th Cir. 1999).  See also Bell Atlantic Corp. v. Twombley, 127 S.Ct. 1955, 1964-65 (2007).  A complaint may be dismissed without leave to amend only "when it is clear that the complaint cannot be saved by further amendment."  Big Bear Lodging Ass'n, 182 F.3d at 1101 (citing  Dumas v. Kipp, 90 F.3d 386, 389 (9th Cir. 1996)).   A court "may grant a 12(b)(6) motion to dismiss on statute of limitations grounds only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."  Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000) (quotations omitted).

A well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely.  Scheuer v. Rhodes, 416 U.S. 232,236 (1974).  But a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. V. Twombly, 127 S.Ct. at 1964-1965.  Factual allegations must be enough to raise a right to relief above the speculative level.  Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-236 (3d ed. 2004).

### 2.   Summary Judgment

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Celotex Corp., 477 U.S. at 323.

**B.**    **Motion to Dismiss Count 1**

The Court will recommend dismissing Melanie Parrish's malicious prosecution claim without prejudice because that claim has not yet accrued. In Montana, six

elements comprise a malicious prosecution claim:

> (1) a judicial proceeding was commenced and prosecuted against the plaintiff; (2) the defendant was responsible for instigating, prosecuting, or continuing such proceeding; (3) there was a lack of probable cause for the defendant's acts; (4) the defendant was actuated by malice; (5) the judicial proceeding terminated favorably for plaintiff; and (6) the plaintiff suffered damage.

Plouffe v. Mont. Dept. Pub. Health and Human Services, 2002 MT 64, ¶16, 309 Mont.

184, ¶ 16, 45 P.3d 10, ¶16.

A cause of action accrues when all elements of the claim exist or have occurred.

Rouse v. Anaconda-Deer Lodge County, 250 Mont. 1, 7, 817 P.2d 690, 694

(1991)(overruled on other grounds by Stratemeyer v. Lincoln County, 276 Mont. 67, 74,

915 P.2d 175, 179 (1996)).  Thus, a cause of action for malicious prosecution does not

accrue until favorable termination for the plaintiff occurs.  Id. at 8, 817 P.2d at 694.

Here, the parties apparently agree that charges are still pending against Melanie

Parrish.  See Aff. of Melanie Parrish (Court's Doc. No. 47) at ¶ 23; Defendant's Reply Br.

(Court's Doc. No. 51) at 4.  Accordingly, any claim for malicious prosecution Melanie

Parrish may have against the Jefferson County Defendants has not accrued, and should

be dismissed without prejudice.

## C.    Motion for Summary Judgment on Counts 2-8

The record reflects that both parties have submitted matters outside the

pleadings.  Accordingly, the Court will convert the remaining motions, including the

motion to dismiss count 8, to summary judgment motions without allowing the parties

further opportunity to conduct discovery.  See San Pedro Hotel Co., Inc., 159 F.3d 470,

477 (9th Cir. 1998), <u>citing with approval</u> <u>Grove v. Mead School Dist. No. 354</u>, 753 F.2d

1528, 1532 (9th Cir. 1985) (holding that a "represented party who submits matters

outside the pleadings to the judge and invites consideration of them has notice that the

judge may use them to decide a motion originally noted as a motion to dismiss,

requiring its transformation to a motion for summary judgment").

### 1.    **Relation Back**

Fed. R. Civ. P. 15(c) states in relevant part as follows:

> (1)    ... an amendment to a pleading relates back to the
> date of the original pleading when:
>
>                   ....
>
> (B)    the amendment asserts a claim or defense that
> arose out of the conduct, transaction, or
> occurrence set out – or attempted to be set
> out – in the original pleading; or
>
> (C)    the amendment changes the party or the
> naming of the party against whom a claim is
> asserted, if Rule 15(c)(1)(B) is satisfied and if,
> within the period provided by Rule 4(m) for
> serving the summons and complaint, the party
> to be brought in by amendment:
>
> (i)    received such notice of the action that it
> will not be prejudiced in defending on
> the merits; and
>
> (ii)    knew or should have known that the
> action would have been brought against
> it, but for a mistake concerning the
> proper party's identity.

The purpose of Rule 15 (c) is "to protect a plaintiff who mistakenly names a

party and then discovers, after the relevant statute of limitations has run, the identity

of the proper party." <u>G.F. Co. v. Pan Ocean Shipping Co., Ltd.</u>, 23 F.3d 1498, 1503 (9th

Cir. 1994) (quoting <u>Kilkenny v. Arco Marine, Inc.</u>, 800 F.2d 853, 857-58 (9th Cir. 1986).

Put another way, "[t]he mistake under Rule 15(c) has to be as to identity[.]" Louisiana-Pacific Corp. v. ASARCO, Inc., 5 F.3d 431, 434 (9th Cir. 1993). In Louisiana-Pacific, the Ninth Circuit held that the district court did not abuse its discretion in denying ASARCO's Rule 15(c) motion where ASARCO had known about the actions of the party relation back was sought against, but had not realized it should have sued that party. Id. The court noted "[t]here was no mistake of identity, but rather a conscious choice of whom to sue." Id.

In contrast, in Pan Ocean the plaintiff mistakenly sued the agent of a disclosed principal, and sought to add the principal as a defendant pursuant to Rule 15(c). 23 F.3d at 1500. Ninth Circuit affirmed the district court's grant of the plaintiff's motion to add a defendant because "[t]he complaint gave [the new defendant] reason to believe that [the plaintiff] had made a mistake." Id. at 1504.

The Court here concludes that the Parrishes' claims in the Amended Complaint against the Jefferson County Defendants do not relate back to Melanie Parrish's claims against the Madison County defendants in the original Complaint. Here there was no mistake as to the Jefferson County Defendants' identities. The original Complaint expressly identified defendants McFadden and Martin as Jefferson County deputies present and assisting in executing the warrant. *Court's Doc. No. 1, Ex. A (Complaint) at ¶ 12.* Melanie Parrish made a conscious choice of whom to sue. There is no suggestion that this is an instance of mistaken identity, and relation back through Rule 15(c) is unavailable. See Louisiana-Pacific, 5 F.3d at 434; see also Dawson v. Borges, 2007 WL 3105076, 2 (N.D.Cal. 2007) (holding that addition of new defendant, rather

than substituting or correcting name of existing defendant, is outside the scope of Rule 15(c)); see also Wells v. HBO & Co., 813 F.Supp. 1561,1567 (N.D.Ga. 1992)("[E]ven the most liberal interpretation of 'mistake' cannot include a deliberate decision not to sue a party whose identity plaintiff knew from the outset.") Thus, unless Plaintiffs can show a continuing tort, or other activity by the Jefferson County Defendants within the relevant time period, these claims are time-barred.

### 2.    **Ongoing Tort**

Under Montana law, an action to recover for a continuing tort is not barred by the statute of limitations. Shors v. Branch, 221 Mont. 390, 397, 720 P.2d 239, 244 (1986).  Continuing torts are "those torts in which the tortious act can be readily abated." Id., 720 P.2d at 243 (citing Haugen Trust v. Warner, 204 Mont. 508, 513, 665 P.2d 1132, 1135 (1983)).  The plaintiff may recover on a continuing tort those "damages accruing within the statutory period preceding commencement of the action." Id., 720 P.2d at 243.

In Shors, the plaintiff sued for, *inter alia*, the defendant's installment of a gate which interfered with the plaintiff's rightful access to a river. Id. at 395, 720 P.2d at 242.  The Montana Supreme Court concluded that the defendant's use of a gate to block the plaintiff's access constituted a continuing tort "because it was easily abated." Id. at 397, 720 P.2d at 243-44.

Here, the Court concludes that the only conduct alleged in the Amended Complaint which arguably constitutes an ongoing tort is the ongoing prosecution of Melanie Parrish.  As explained above, Melanie Parrish's malicious prosecution claim

against the Jefferson County Defendants has not yet accrued.  If that claim does accrue, it could possibly be the basis for additional claims.  The malicious prosecution claim has not accrued, however, and does not allow any of the Parrishes' other claims to evade the statute of limitations.

The remaining conduct of the Jefferson County Defendants occurred at the time the defendants executed the search warrant at the Parrish home on October 22, 2004, or at the latest when the *Whitehall Ledger* allegedly published an article regarding the charges against Melanie Parrish about a week later.  Thus, the Parrishes' claims based on these allegations are barred by the statute of limitations.

Likewise, the Parrishes' reliance on <u>Morales v. City of Los Angeles</u>, 214 F.3d 1151 (9th Cir. 2000), for the proposition that their civil rights claims are not time barred, is misplaced.  <u>Morales</u> does not state, as the Parrishes' argue, a general rule that the statute of limitations on claims against police officers does not begin to run until judgment is entered.  In <u>Morales</u>, the Ninth Circuit court stated that a civil rights claim "accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." <u>Id.</u> at 1154.  The plaintiffs in <u>Morales</u> alleged that police misconduct caused them to lose earlier lawsuits.   Accordingly, the court held that the causes of action "accrued when the alleged police misconduct resulted in judgments being entered against [the plaintiffs].  At that point [the plaintiffs] knew or had reason to know that the alleged misconduct actually caused concrete injury." <u>Id.</u>

Applying <u>Morales</u> to the facts of this case, the Parrishes' civil rights claims against the Jefferson County Defendants accrued on October 22, 2004, or at the latest

when the *Whitehall Ledger* allegedly published an article regarding the charges against Melanie Parrish about a week later. There is no basis to conclude the Parrishes would not know or have reason to know that the alleged misconduct of the Jefferson County Defendants caused them injury until a judgment is entered.

## IV. CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that the Jefferson County Defendants' Motion to Dismiss Count 8 of the First Amended Complaint (*Court's Doc. No. 35*), and Motion to Dismiss, Motion for Summary Judgment, and Motion to Strike Counts 1 through 7 of the First Amended Complaint (*Court's Doc. No. 36*) be treated as motions for summary judgment and be **GRANTED**, and that judgement on all claims be entered in favor Jefferson County Defendants, except for Count 1, malicious prosecution, which should be **DISMISSED WITHOUT PREJUDICE.**

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed within ten (10) days after receipt hereof, or objection is waived.

DATED this 2nd day of April, 2008.

Carolyn S. Ostby
United States Magistrate Judge