FILED
BILLINGS DIV.

2008 APR 23 AM 11 22

PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| MELANIE J. PARRISH, JUSTIN CLAY, MAYA CLAY, ASHLEY PARRISH, ELIZABETH PARRISH, CAROLYN PARRISH and LARRY PARRISH,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID SCHENK, individually and as the Sheriff and Agent of Madison County; DOUGLAS YOUNG, individually and as a deputy sheriff and agent of Madison County; ROGER THOMPSON, individually and as a deputy sheriff and agent of Madison County, THEODORE COFFMAN, individually and as agent of Madison County; DAVID SCHULZ, individually and as agent of Madison County; and MADISON COUNTY, a political subdivision of the State of Montana; CHAD McFADDEN, individually and as a deputy sheriff and agent of Jefferson County; CURTIS MARTIN, individually and as deputy sheriff and agent of Jefferson County; CRAIG DOOLITTLE, individually and as the sheriff and agent of Jefferson County; JEFFERSON COUNTY, a political subdivision of the State of Montana; and JOHN DOES I-X,<br><br>Defendants. | CV-07-12-BU-RFC<br><br><br><br><br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

-1-

On April 2, 2008, United States Magistrate Judge Carolyn Ostby entered her Findings and Recommendation. Magistrate Judge Osbty recommends Jefferson County Defendants' Motion to Dismiss Count 8 of the First Amended Complaint, and Motion to Dismiss and Motion for Summary Judgment, and Motion to Strike Counts 1 through 7 of the First Amended Complaint be treated as motions for summary judgment and be granted, and that judgment on all claims be entered in favor of Jefferson County Defendants, except to Count 1, malicious prosecution, which should be dismissed without prejudice.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Defendants Jefferson County and Jefferson County Deputies filed objections on April 11, 2008. Plaintiffs filed objections and a response to Defendants' objections on April 21, 2008. The objections are not well taken.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

In Montana, six elements comprise a malicious prosecution claim:

> (1) a judicial proceeding was commenced and prosecuted against the plaintiff; (2) the defendant was responsible for instigating, prosecuting, or continuing such proceeding; (3) there was a lack of probable cause for the defendant's acts; (4) the defendant was actuated by malice; (5) the judicial proceeding terminated favorably for plaintiff; and (6) the plaintiff suffered damage.

*Plouffe v. Mont. Dept. Pub. Health and Human Services*, 2002 MT 64, ¶16, 309 Mont. 184, ¶ 16, 45 P.3d 10, ¶ 16.

A cause of action for malicious prosecution does not accrue until favorable termination for the plaintiff occurs. *Rouse v. Anaconda-Deer Lodge County*, 250 Mont. 1, 7, 817 P.2d 690, 694 (1991) (overruled on other grounds by *Stratemeyer v. Lincoln County*, 276 Mont. 67, 74, 915 P.2d 175, 179 (1996)). Here, the parties agree that charges are still pending against Melanie Parrish. Therefore, any malicious prosecution claim must be dismissed without prejudice because that claim has not yet accrued.

Regarding the remaining claims, the dispositive issue is whether these claims are barred by the applicable statute of limitations. The Amended Complaint was filed more than three years after the search warrant was executed on October 22, 2004. Because of this, the Plaintiffs' claims are time-barred unless they show that either: (1) the claims against the Jefferson County Defendants relate back to the original Complaint, pursuant to F.R.Civ.P. 15(c), or (2) their claims against Jefferson County Defendant are for on-going torts which did not terminate until at least May 18, 2005. This Court agrees with Magistrate Ostby that neither argument succeeds.

First, Plaintiffs' claims in the Amended Complaint against the Jefferson County Defendants do not relate back to Melanie Parrish's claims against the Madison County Defendants in the original Complaint. Here there was no mistake as to the Jefferson County Defendants' identities. The original Complaint expressly identified defendants McFadden and Martin as Jefferson County deputies present and assisting in executing the warrant. Melanie Parrish made a conscious choice of whom to sue. There is no suggestion that this is in instance of mistaken identity, and relation back through Rule 15(c) is unavailable.

Second, the only alleged conduct in the Amended Complaint which arguably constitutes an ongoing tort is the ongoing prosecution of Melanie Parrish. This malicious prosecution claim

against the Jefferson County Defendants has not yet accrued, and does not allow any of the Parrishes' other claims to evade the statute of limitations.

Accordingly, **IT IS HEREBY ORDERED** that Jefferson County Defendants' Motion to Dismiss Count 8 of the First Amended Complaint [*doc. #35*], and Motion to Dismiss, Motion for Summary Judgment, and Motion to Strike Counts 1 through 7 of the First Amended Complaint [*doc. #36*] be treated as motions for summary judgment and be **GRANTED**.

The Clerk of Court is directed to enter judgment on all claims in favor of Jefferson County Defendants, except for Count 1, malicious prosecution, which should be **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court shall notify the parties of the making of this Order.

DATED this 23rd day of April, 2008.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE